[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10770
Eight motions filed by the parties, as well as a Motion to Quash dated November 1, 1993 filed by a witness, were heard by the Court on November 1 and 17, 1993. Plaintiff's motions are as follows: Motion for Modification and Support dated January 21, 1991; Motion to Revoke Joint Custody dated October 1, 1991; Motion for Restraining Order dated July 23, 1992; Motion for Contempt dated June 29, 1993: Motion for Compliance dated September 24, 1993. Defendant's motions are as follows: Motion for Modification re: Custody dated October 4, 1991; Motion for Modification re: Finances dated February 3, 1992; Motion for Sanctions dated October 27, 1993. Prior to testimony the witness' Motion to Quash was heard through oral argument and granted on November 1, 1993. Prior to the conclusion of testimony, defendant's Motion for Sanctions was argued and denied on November 17, 1993. This memorandum, therefore, addresses only the seven remaining motions.
These are all post judgment motions, the marriage having been dissolved on January 25, 1982. At the time of dissolution the minor child Justin, issue of this marriage, was approximately 2 1/2 years of age. Since that date myriad motions have been filed by both parties in this action primarily concerning visitation and support issues with respect to Justin. It is extremely unfortunate for all parties involved, but most particularly the minor child, that these issues must be decided in this forum rather than by his parents.
Plaintiff's evidence offered through the testimony of Cynthia (Landry) Winer and Dr. Herman Gewertz, Justin's treating therapist, drew a picture of an extremely hostile relationship between plaintiff and defendant who appear to have difficulty being even minimally civil to each other. Defendant, Marc Landry, through his own testimony confirmed that hostility still exists between plaintiff and defendant, despite the fact that they have been divorced for over ten years. This has often placed the minor child in the difficult position of peacemaker, as described by his therapist, Dr. Gewertz. Despite the hostile atmosphere in which visitation has taken place over the last ten years, Justin appears to have emerged relatively unscathed. When questioned by his own CT Page 10771 counsel, in camera, in the presence of both plaintiff's and defendant's counsel, he stated definite views as to the amount and nature of visitation in an articulate and clear manner. His maturity level and judgment appear to be above his chronological age. His specific concerns e.g. how to transport hockey equipment from one parent's house to the other, were nonetheless reflective of a typical fourteen year old.
Although a hostile relationship still exists between the parties and, generally, joint custody is the preferred when both parties are able to communicate easily concerning the best interest of the child, this court feels it is not necessary to revoke the current order in favor of sole custody to the mother. There would be very few factual situations in which it would be necessary for one parent to have the legal power to make a decision for the benefit of the child without consent and input from the other parent. In fact, by endorsing the continuation of a joint custodial situation, the hope of this court is that that will encourage co-operation by the parties to the extent possible for the benefit of Justin. While the court generally places great weight on expert testimony and is cognizant of the fact that Dr. Gewertz recommended sole custody to the mother, under the facts of this case, considering most particularly the age of the child, the necessity for sole custody as a benefit to Justin would rarely arise. In fact, psychologically, it may be much more beneficial in the child's mind that there is joint custody. He has certainly expressed the fact that he feels the visitation situation should be equalized. One could infer from that that he would expect the custody situation to be "equal" as well. Plaintiff's Motion to Revoke joint Custody and Defendant's Motion for Modification are, therefore denied. It is further ordered that visitation with the minor child be in the following manner: commencing January 7, 1994, visitation with the defendant father shall be every other week from after school on Friday, or 3:00 P.M. if no school; for the Christmas recess, the mother shall have Justin for the first half of the vacation (including Christmas Eve and Christmas Day of every year) and the father shall have the balance of the vacation (including New Year's Eve and New Year's Day of every year); Thanksgiving Eve and Day shall be alternated with the father having the period for the year 1994; February and April vacations shall be alternated each year, with father having February and mother having April in CT Page 10772 1994; Good Friday from 9:00 A.M. through Easter at 6:00 P.M. shall be with mother every year; the months of July and August shall be alternated by each parent, father having the month of July in 1994. The court further orders that each parent maintain duplicative medical equipment and medicines in each residence for the benefit of Justin. Both parents are ordered to facilitate the movement of Justin's hockey equipment from home to home as necessary. Justin may, at his election, spend birthdays of his half-siblings at his mother's residence.
In view of the court's orders regarding visitation, having reviewed the parties financial affidavits and the testimony and exhibits relevant to the issue of support, the court orders that the current order of $125 be reduced to $100 per week which shall be secured by an immediate wage execution. Taking all of the relevant factors into consideration, the court considered the appropriate guideline figure of $174 robe excessive primarily because of the shared custody arrangement. Accordingly, plaintiff's Motion for Modification dated January 21, 1991 seeking an increase in support from $125 to $174 is denied. Defendant's Motion for Modification re: Finances dated February 3, 1992 is, likewise, denied.
As to the plaintiff's Motion for Contempt dated June 29, 1993 the court finds the defendant in contempt of the January 25, 1982 order of this court requiring defendant to maintain medical insurance for the benefit of the minor child and to pay one-half of Justin's unreimbursed medical bills, which amount is found to be $563.77. Further, defendant is in contempt of a July 26, 1989 order requiring him to pay $125 per week in child support. The court finds the arrearage to be in the amount of $6,965.93 as of November 1, 1993. Therefore, the court orders that medical insurance for Justin be maintained at all times, that the $563.77 amount be paid within thirty days of this order and that the $6965.93 arrearage be paid in the following manner: 1/2 no later than April 1, 1994 and the remainder no later than July 1, 1994. The court further orders attorneys' fees in the amount of $300 to be paid within sixty days.
As to plaintiff's Motion for Restraining Order, in the spirit of promoting co-operation between the parties, the Motion is denied. The court will, however, order that neither parent shall in anyway impede, obstruct or interfere with the CT Page 10773 exercise by the other of his or her right of companionship with Justin. It is to be recognized by each parent that Justin will wish to engage in certain age appropriate academic, sport, religious and/or extracurricular activities, as well as to spend more time with his peers. Both parents shall exert their best efforts to work cooperatively and with flexibility to create plans for Justin which are consistent with positive development of his potential, while at the same time protect and maximize his time with each parent. Both parents shall comport themselves with dignity and restraint in visitation matters and both shall facilitate said visitation orders.
Finally, plaintiff's Motion for Compliance dated September 24, 1993 is denied. As to attorneys' fees for the minor child, said fees in the amount of $1920 shall be shared equally by the parties and paid within 90 days.
So ordered.
Santos, J.